# SEALED

# FELONY

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

## INDICTMENT FOR CONSPIRACY TO DEFRAUD THE UNITED STATES AND TO COMMIT MAIL AND WIRE FRAUD, AGGRAVATED
## IDENTITY THEFT, AND CONSPIRACY TO COMMIT MONEY LAUNDERING

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.** |
| **VERSUS** | * | **SECTION:** |
| **JB TAX PROFESSIONAL** | * | **VIOLATIONS:**   18 U.S.C. § 371 |
| **SERVICES INC.** | | 18 U.S.C. § 1028A |
| **JACQUELINE J. ARIAS** | * | 18 U.S.C. § 1956(h) |
| a/k/a Jacqueline Estrada | | |
| a/k/a Jacqueline Arias Estrada | * | |
| a/k/a Jackie | | |
| **JOSE BAYRON ESTRADA** | * | |
| a/k/a Jose Estrada | | |
| a/k/a Bayron | * | |
| **CARLOS LNU** | | |
| **OCTAVIO JOSUE PERDOMO** | * | |
| a/k/a Octavio Perdomo | | |
| **ELBER MENDOZA-LOPEZ** | * | |
| a/k/a Elber Mendoza | | |
| **CESAR ALEJANDRO SORIANO** | * | |
| a/k/a Cesar Soriano | | |
| a/k/a Cesar Alejandro | * | |
| **ELIECER OBED RODRIGUEZ** | | |
| a/k/a Oved | * | |
| **OLSEN SARAVIA-HERNANDEZ** | | |
| a/k/a Olsen Adolfo Saravia Hernandez | * | |
| a/k/a Olsen Saravia | | |
| **ARNULFO SANTOS-MEDRADO** | * | |
| a/k/a Arnulfo Santos-Medrano | | |
| a/k/a Arnulfo Santos | * | |
| **YONI PERDOMO** | | |
| a/k/a Yony Perdomo | * | |
| a/k/a Johnny Perdomo | | |
| **MILLER PERDOMO-ACEITUNO** | * | |
| a/k/a Miller Perdomo | | |
| a/k/a Miler Perdomo | * | |
| **AURELIO MONTIEL-MARTINEZ** | | |

13 - 127

SECT. C MAG. 2

Fee _____
✓ Process _____
X Dktd _____
____ CtRmDep _____
____ Doc. No. _____

| | |
|---|---|
| **a/k/a Maro** | * |
| **ELSIDES EDGARDO** | |
| **ALVARADO-CANALES** | * |
| **a/k/a Elsides Alvarado** | |
| **SANTOS MARTIN HERNANDEZ** | * |
| **SUSAN LNU** | |
| **a/k/a Susan Mendoza** | * |
| **a/k/a Susana** | |
| **IBIS PERDOMO** | * |
| **a/k/a Ibis Grisel Perdomo** | |
| **JUSTINIANO PERDOMO** | * |
| **a/k/a Justo** | |

                                                                *     *     *

The Grand Jury charges that:

**COUNT 1**
**(Conspiracy to Defraud the United States and to Commit Mail and Wire Fraud)**

**A.**    **AT ALL TIMES MATERIAL HEREIN:**

    1. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for enforcing and administering the tax laws of the United States and collecting taxes owed to the United States.

    2. An Individual Taxpayer Identification Number ("ITIN") was a tax processing number issued by the IRS to individuals who did not have, and were not eligible to obtain, a Social Security number.  ITINs were obtained from the IRS by filing a Form W-7, an Application for IRS Individual Taxpayer Identification Number.

    3. A Certifying Acceptance Agent ("CAA") was an individual or entity authorized by the IRS to assist individuals in obtaining ITINs and to submit a Form W-7 directly to the IRS.

    4. From at least January 2010 through December 31, 2012, IRS regulations permitted a CAA to submit Forms W-7 without including any documentation of the applicants' identity and alien status.  Instead, the IRS entrusted CAAs with the responsibility of reviewing the

2

documentation of an individual's identity and alien status for authenticity, completeness, and accuracy before signing, under penalty of perjury, forms accompanying the individual's application for an ITIN.

5. A "means of identification" was any name or number that could be used, alone or in conjunction with any other information, to identify a specific individual, including a name, Social Security number, ITIN, and date of birth.

6. Federal laws and regulations required that check cashers and other financial institutions file a "Currency Transaction Report" ("CTR"), FinCEN Form 104, with the Department of the Treasury, for any transaction involving more than $10,000 in currency. CTRs were required to be filed with the Financial Crimes Enforcement Network ("FinCEN"), a bureau of the Department of the Treasury.

7. Federal laws and regulations required that financial institutions, such as check cashers, treat multiple currency transactions as a single transaction and file a CTR if the financial institution had knowledge that the multiple transactions were by or on behalf of any person and resulted in either cash in or cash out totaling more than $10,000 during any one business day.

8. **JB TAX PROFESSIONAL SERVICES INC. ("JB TAX")** was a domestic corporation, registered with the State of Alabama, which was wholly owned by defendant **JACQUELINE J. ARIAS, a/k/a Jacqueline Estrada, a/k/a Jacqueline Arias Estrada, a/k/a Jackie.** From on or about December 15, 2011 through the present, defendant **JB TAX** was a CAA responsible for preparing ITIN applications for others, reviewing applicants' identification documents for accuracy, and preparing income tax returns for ITIN applicants.

3

9. Defendant **JACQUELINE J. ARIAS, a/k/a Jacqueline Estrada, a/k/a Jacqueline Arias Estrada, a/k/a Jackie** was a resident of Spruce Pine, Alabama. As the owner of defendant **JB TAX**, defendant, **JACQUELINE J. ARIAS, a/k/a Jacqueline Estrada, a/k/a Jacqueline Arias Estrada, a/k/a Jackie,** was engaged in the business of preparing income tax returns for others. From on or about October 7, 2010 through the present, defendant, **JACQUELINE J. ARIAS, a/k/a Jacqueline Estrada, a/k/a Jacqueline Arias Estrada, a/k/a Jackie,** was a CAA responsible for preparing ITIN applications for others, reviewing applicants' identification documents for accuracy, and preparing income tax returns for ITIN applicants.

10. Defendants **JOSE BAYRON ESTRADA** and **CARLOS LNU** resided in or around Spruce Pine, Alabama. Defendant **JOSE BAYRON ESTRADA, a/k/a Jose Estrada, a/k/a Bayron,** worked for **JB TAX** by, among other things, preparing income tax returns for others. Defendant **CARLOS LNU** worked for **JB TAX** by, among other things, assisting in the preparation of tax returns for others.

11. Defendants **OCTAVIO JOSUE PERDOMO, a/k/a Octavio Perdomo, ELBER MENDOZA-LOPEZ, a/k/a Elber Mendoza, CESAR ALEJANDRO SORIANO,  a/k/a Cesar Soriano, a/k/a Cesar Alejandro, ELIECER OBED RODRIGUEZ, a/k/a Oved, OLSEN SARAVIA-HERNANDEZ, a/k/a Olsen Adolfo Saravia Hernandez, a/k/a Olsen Saravia, ARNULFO SANTOS-MEDRADO, a/k/a Arnulfo Santos-Medrano, a/k/a Arnulfo Santos, YONI PERDOMO, a/k/a Yony Perdomo, a/k/a Johnny Perdomo, MILLER PERDOMO-ACEITUNO, a/k/a Miller Perdomo, a/k/a Miler Perdomo, AURELIO MONTIEL-MARTINEZ, a/k/a Maro, ELSIDES EDGARDO ALVARADO-CANALES, a/k/a Elsides Alvarado, SANTOS MARTIN HERNANDEZ, IBIS PERDOMO, a/k/a Ibis Grisel Perdomo,** and **JUSTINIANO PERDOMO, a/k/a Justo,** were foreign nationals who

4

resided in one or more of the following parishes, which are within the Eastern District of Louisiana: Orleans Parish, Jefferson Parish, St. Tammany Parish, and Lafourche Parish.

12. Defendant **SUSAN LNU, a/k/a Susan Mendoza, a/k/a Susana,** resided in or around Russellville, Alabama and cashed checks for other individuals.

## B.    THE CONSPIRACY:

13. Beginning in or about January 2010 and continuing through the date of this indictment, the exact dates being unknown to the Grand Jury, in the Eastern District of Louisiana and elsewhere, the defendants **JB TAX PROFESSIONAL SERVICES INC., JACQUELINE J. ARIAS, a/k/a Jacqueline Estrada, a/k/a Jacqueline Arias Estrada, a/k/a Jackie, JOSE BAYRON ESTRADA, a/k/a Jose Estrada, a/k/a Bayron, CARLOS LNU, OCTAVIO JOSUE PERDOMO, a/k/a Octavio Perdomo, ELBER MENDOZA-LOPEZ, a/k/a Elber Mendoza, CESAR ALEJANDRO SORIANO, a/k/a Cesar Soriano, a/k/a Cesar Alejandro, ELIECER OBED RODRIGUEZ, a/k/a Oved, OLSEN SARAVIA-HERNANDEZ, a/k/a Olsen Adolfo Saravia Hernandez, a/k/a Olsen Saravia, ARNULFO SANTOS-MEDRADO, a/k/a Arnulfo Santos-Medrano, a/k/a Arnulfo Santos, YONI PERDOMO, a/k/a Yony Perdomo, a/k/a Johnny Perdomo, MILLER PERDOMO-ACEITUNO, a/k/a Miller Perdomo, a/k/a Miler Perdomo, AURELIO MONTIEL-MARTINEZ, a/k/a Maro, ELSIDES EDGARDO ALVARADO-CANALES, a/k/a Elsides Alvarado, SANTOS MARTIN HERNANDEZ, SUSAN LNU, a/k/a Susan Mendoza, a/k/a Susana, IBIS PERDOMO, a/k/a Ibis Grisel Perdomo, JUSTINIANO PERDOMO, a/k/a Justo,** and others, both known and unknown to the Grand Jury, unlawfully, voluntarily, intentionally, and knowingly did conspire, combine, confederate, and agree together and with each other:

5

a.  to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the IRS in the ascertainment, computation, assessment, and collection of federal income taxes; and

b.  to commit offenses against the United States, to wit, mail fraud and wire fraud in violation of Title 18, United States Code, Sections 1341 and 1343, by knowingly devising and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent representations, pretenses and promises, well knowing the representations, pretenses and promises would be and were false when made, and to execute the scheme and artifice to defraud by using, and causing to be used, the United States Mail and commercial interstate carriers, and by causing to be transmitted in interstate commerce certain signs, signals, and sounds by means of wire communication.

## C.    MANNER AND MEANS:

14.  Among the manner and means by which the defendants and their co-conspirators carried out the conspiracy were the following:

15.  Members of the conspiracy would and did obtain IRS Forms W-2 for the purpose of filing fraudulent federal income tax returns, often by purchasing them for cash. The Forms W-2 contained the means of identification of other individuals, including names and Social Security Numbers.

16.  Members of the conspiracy would and did obtain ITINs for the purpose of filing fraudulent federal income tax returns. Defendants **JB TAX, JACQUELINE J. ARIAS, a/k/a Jacqueline Estrada, a/k/a Jacqueline Arias Estrada, a/k/a Jackie**, and others known and unknown to the Grand Jury would and did assist others in the filing of false Forms W-7 with the IRS.

6

17. Members of the conspiracy would and did use Forms W-2 and ITINs to file or cause to be filed, electronically and via United States mail, federal income tax returns that fraudulently claimed refunds from the IRS.

18. Defendants **JB TAX, JACQUELINE J.ARIAS, a/k/a Jacqueline Estrada, a/k/a Jacqueline Arias Estrada, a/k/a Jackie**, and **JOSE BAYRON ESTRADA, a/k/a Jose Estrada, a/k/a Bayron,** would and did collect preparation fees from their co-conspirators that were derived from the fraudulently obtained refunds. For paper income tax returns, the fees were paid in cash and cash-equivalent monetary instruments. For electronically-filed income tax returns, the fees were deducted directly from the income tax refunds.

19. Members of the conspiracy would and did cause the IRS to generate income tax refunds in the form of United States Treasury checks that were sent using the United States Mail to locations in the Eastern District of Louisiana, including Post Office Boxes that were opened or controlled by members of the conspiracy.

20. Members of the conspiracy would and did cause the IRS to generate income tax refunds in the form of electronic refund transfers, which were deposited into a bank account in the control of defendants **JB TAX** and **JACQUELINE J. ARIAS, a/k/a Jacqueline Estrada, a/k/a Jacqueline Arias Estrada, a/k/a Jackie**. Defendants **JB TAX, JACQUELINE J. ARIAS, a/k/a Jacqueline Estrada, a/k/a Jacqueline Arias Estrada, a/k/a Jackie, JOSE BAYRON ESTRADA, a/k/a Jose Estrada, a/k/a Bayron, CARLOS LNU**, and others both known and unknown to the Grand Jury would and did print cashier's checks drawn on this account, which represented fraudulently obtained income tax refunds, at **JB TAX's** offices and provide these checks to other members of the conspiracy.

7

21. Members of the conspiracy would and did deposit fraudulently obtained tax refund checks into bank accounts in their names and the names of others. Members of the conspiracy would and did structure cash withdrawals from bank accounts to avoid triggering the filing of a CTR.

22. Members of the conspiracy would and did obtain and cash, or cause to be cashed, United States Treasury and cashier's checks that represented fraudulently obtained income tax refunds.

**D.    OVERT ACTS:**

23. In furtherance of the conspiracy, and to effect the objects thereof, members of the conspiracy and others known and unknown to the Grand Jury, committed the overt acts below, among others, within the Eastern District of Louisiana and elsewhere:

Overt Act 1:    On or about March 25, 2011, defendants **JB TAX, JACQUELINE J. ARIAS, a/k/a Jacqueline Estrada, a/k/a Jacqueline Arias Estrada, a/k/a Jackie, CESAR ALEJANDRO SORIANO, a/k/a Cesar Soriano, a/k/a Cesar Alejandro,** and others known and unknown to the Grand Jury, caused to be filed with the IRS, by means of interstate wire communications, a false 2010 U.S. Individual Income Tax Return, IRS Form 1040A, to which was attached a Form W-2 bearing the means of identification of V.G.

Overt Act 2:    On or about June 7, 2012, defendants **JB TAX, JOSE BAYRON ESTRADA, a/k/a Jose Estrada, a/k/a Bayron, CESAR ALEJANDRO SORIANO, a/k/a Cesar Soriano, a/k/a Cesar Alejandro,** and others caused to be filed with the IRS, by means of interstate wire communications, a false 2011 U.S. Individual Income Tax Return, IRS Form 1040A, in the name of "U.P." By filing said return, defendants **JB TAX, JOSE BAYRON ESTRADA, a/k/a Jose Estrada, a/k/a Bayron, CESAR ALEJANDRO SORIANO, a/k/a**

8

**Cesar Soriano, a/k/a Cesar Alejandro**, and others caused a fraudulently obtained income tax refund, in the form of United States Treasury check No. ****3292 in the amount of $7,460.00, to be sent to the Eastern District of Louisiana, through the United States Mail.

Overt Act 3:   On or about December 18, 2012, defendants **CESAR ALEJANDRO SORIANO, a/k/a Cesar Soriano, a/k/a Cesar Alejandro,** and **OCTAVIO PERDOMO** met to purchase a Form W-2 in the name of another individual.

Overt Act 4:   On or about January 23, 2012, defendant, **OCTAVIO JOSUE PERDOMO, a/k/a Octavio Perdomo,** opened Post Office Box 2589 in Kenner, Louisiana.

Overt Act 5:   On or about March 27, 2013 defendant **OCTAVIO PERDOMO** transported tax refund checks and other documents in other individuals' names from **JB TAX,** including a Form W-2 bearing the means of identification of M.C.

Overt Act 6:   From on or about October 26, 2010, defendant **OLSEN SARAVIA-HERNANDEZ, a/k/a Olsen Adolfo Saravia Hernandez, a/k/a Olsen Saravia,** opened Post Office Box 1653 in Metairie, Louisiana.

Overt Act 7:   On or about February 3, 2012, defendants **JACQUELINE J. ARIAS, a/k/a Jacqueline Estrada, a/k/a Jacqueline Arias Estrada, a/k/a Jackie,** and **ELBER MENDOZA-LOPEZ, a/k/a Elber Mendoza,** caused to be filed with the IRS a false 2011 U.S. Individual Income Tax Return, IRS Form 1040A, in the name of J.B., to which was attached a Form W-2 bearing the means of identification of C.B.

Overt Act 8:   On or about January 7, 2011, defendant **YONI PERDOMO, a/k/a Yony Perdomo, a/k/a Johnny Perdomo,** opened Post Office Box 215 in Galliano, Louisiana.

Overt Act 9:   On or about February 8, 2012, defendants **JACQUELINE J. ARIAS, a/k/a Jacqueline Estrada, a/k/a Jacqueline Arias Estrada, a/k/a Jackie,** and **YONI**

**PERDOMO, a/k/a Yony Perdomo, a/k/a Johnny Perdomo,** caused to be filed with the IRS a false 2011 U.S. Individual Income Tax Return, IRS Form 1040A, to which was attached a Form W-2 bearing the means of identification of T.W.

Overt Act 10:  On or about March 25, 2013, defendant **AURELIO MONTIEL-MARTINEZ, a/k/a Maro,** obtained and sold for cash Forms W-2 in the names of other individuals.

Overt Act 11:  On or about February 4, 2011, defendant **ARNULFO SANTOS-MEDRADO, a/k/a Arnulfo Santos-Medrano, a/k/a Arnulfo Santos,** opened Post Office Box 1414 in Metairie, Louisiana.

Overt Act 12:  On or about January 21, 2012, defendants **JACQUELINE J. ARIAS, a/k/a Jacqueline Estrada, a/k/a Jacqueline Arias Estrada, a/k/a Jackie,** and **ELSIDES EDGARDO ALVARADO-CANALES, a/k/a Elsides Alvarado,** caused to be filed with the IRS a false 2011 Individual Income Tax Return, Form 1040A, to which was attached a Form W-2 bearing the means of identification of D.V.

Overt Act 13:  On or about September 3, 2011, defendant **ELSIDES EDGARDO ALVARADO-CANALES, a/k/a Elsides Alvarado,**  opened Post Office Box 4131 in Covington, Louisiana.

Overt Act 14:  On or about September 3, 2011, defendant **SANTOS MARTIN HERNANDEZ** opened Post Office Box 935 in Covington, Louisiana.

Overt Act 15:  On or about February 4, 2011, defendant **ELIECER OBED RODRIGUEZ, a/k/a Oved,** caused to be opened Post Office Box 741381 in New Orleans, Louisiana.

Overt Act 16:  On or about March 19, 2012, defendants **JB TAX, JOSE BAYRON ESTRADA, a/k/a Jose Estrada, a/k/a Bayron,** and others known and unknown to the Grand Jury caused to be filed with the IRS a false 2012 U.S. Individual Income Tax Return, IRS Form 1040A, in the name of "A.S." to which was attached a Form W-2 bearing the means of identification of C.N.

Overt Act 17:  On or about March 27, 2013, defendants **SUSAN LNU, a/k/a Susan Mendoza, a/k/a Susana, JB TAX, JACQUELINE J. ARIAS, a/k/a Jacqueline Estrada, a/k/a Jacqueline Arias Estrada, a/k/a Jackie, JOSE BAYRON ESTRADA, a/k/a Jose Estrada, a/k/a Bayron, CARLOS LNU** and others both known and unknown to the Grand Jury, caused a cashier's check bearing authorization number ***7295 to be converted to cash.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2-7
### (Aggravated Identity Theft)

**A.      AT ALL TIMES MATERIAL HEREIN:**

1. The allegations in Paragraphs A, C, and D of Count 1 are incorporated as though fully set forth herein.

**B.      AGGRAVATED IDENTITY THEFT:**

2. On or about each of the dates listed below, within the Eastern District of Louisiana and elsewhere, the following defendants did knowingly transfer, possess, and use the means of identification of another person without lawful authority, that is, the defendant knowingly used the Social Security number of an actual person known to the grand jury, listed by his or her initials below, during and in relation to mail and wire fraud, in violation of Title 18, United States Code, Sections 1341 and 1343, as described in the overt acts of Count 1 listed below:

11

| Count | Date | Defendants | Overt Act | Individual |
|:---:|:---:|:---|:---:|:---:|
| 2 | 03/21/2011 | **JACQUELINE J. ARIAS, a/k/a Jacqueline Estrada, a/k/a Jacqueline Arias Estrada, a/k/a Jackie** and **CESAR ALEJANDRO SORIANO a/k/a Cesar Soriano, a/k/a Cesar Alejandro** | 1 | V.G. |
| 3 | 02/03/2012 | **JACQUELINE J. ARIAS, a/k/a Jacqueline Estrada, a/k/a Jacqueline Arias Estrada, a/k/a Jackie** and **ELBER MENDOZA-LOPEZ, a/k/a Elber Mendoza** | 7 | C.B. |
| 4 | 02/08/2012 | **JACQUELINE J. ARIAS, a/k/a Jacqueline Estrada, a/k/a Jacqueline Arias Estrada, a/k/a Jackie** and **YONI PERDOMO, a/k/a Yony Perdomo, a/k/a Johnny Perdomo** | 9 | T.W. |
| 5 | 01/21/2012 | **JACQUELINE J. ARIAS, a/k/a Jacqueline Estrada, a/k/a Jacqueline Arias Estrada, a/k/a Jackie** and **ELSIDES EDGARDO ALVARADO-CANALES, a/k/a Elsides Alvarado** | 12 | D.V. |
| 6 | 03/27/2013 | **OCTAVIO PERDOMO** | 5 | M.C. |
| 7 | 03/19/2013 | **JOSE BAYRON ESTRADA, a/k/a Jose Estrada, a/k/a Bayron** | 16 | C.N. |

All in violation of Title 18, United States Code, Section 1028A.

## COUNT 8
### (Conspiracy to Commit Money Laundering)

**A.**   **AT ALL TIMES MATERIAL HEREIN:**

1. The allegations in Paragraphs A, C, and D of Count 1 are incorporated as though fully set forth herein.

**B.**   **THE CONSPIRACY:**

2. From in or about January 2010, through the date of this indictment, the exact dates being unknown to the Grand Jury, in the Eastern District of Louisiana, and elsewhere, the defendants **JB TAX PROFESSIONAL SERVICES INC., JACQUELINE J. ARIAS, a/k/a Jacqueline Estrada, a/k/a Jacqueline Arias Estrada, a/k/a Jackie, JOSE BAYRON ESTRADA, a/k/a Jose Estrada, a/k/a Bayron, OCTAVIO JOSUE PERDOMO,  a/k/a Octavio Perdomo, ELBER MENDOZA-LOPEZ, a/k/a Elber Mendoza, CESAR ALEJANDRO SORIANO, a/k/a Cesar Soriano, a/k/a Cesar Alejandro, ELIECER OBED RODRIGUEZ, a/k/a Oved, OLSEN SARAVIA-HERNANDEZ, a/k/a Olsen Adolfo Saravia Hernandez, a/k/a Olsen Saravia, ARNULFO SANTOS-MEDRADO, a/k/a Arnulfo Santos-Medrano, a/k/a Arnulfo Santos, YONI PERDOMO, a/k/a Yony Perdomo, a/k/a Johnny Perdomo, MILLER PERDOMO-ACEITUNO, a/k/a Miller Perdomo, a/k/a Miler Perdomo, ELSIDES EDGARDO ALVARADO-CANALES, a/k/a Elsides Alvarado, SANTOS MARTIN HERNANDEZ, SUSAN LNU, a/k/a Susan Mendoza, a/k/a Susana, IBIS PERDOMO, a/k/a Ibis Grisel Perdomo, JUSTINIANO PERDOMO, a/k/a Justo,** together with others, both known and unknown to the Grand Jury, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

a. to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, mail and wire fraud, in violation of Title 18, United States Code, Sections 1341 and 1343, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

b. to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, mail and wire fraud, in violation of Title 18, United States Code, Sections 1341 and 1343, knowing that the transactions were designed in whole or in part to avoid a transaction reporting requirement under Federal law, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i)(ii).

## C.    **MANNER AND MEANS**:

3. Among the manner and means by which the defendants and their co-conspirators carried out the conspiracy were the following:

4. Members of the conspiracy would and did fraudulently obtain income tax refunds, in the form of United States Treasury checks and cashier's checks, by submitting federal income

tax returns to the IRS through United States Mail, interstate carriers, and wire communications traveling in interstate commerce.

5. Members of the conspiracy would and did cause certain fraudulently obtained income tax refund checks to list as the payee individuals other than themselves.

6. Members of the conspiracy would and did deposit fraudulently obtained income tax refund checks into bank accounts held in their names and the names of others.

7. Members of the conspiracy would and did structure cash withdrawals from bank accounts.

8. Members of the conspiracy would and did convert fraudulently obtained income tax refund checks into cash by presenting these checks to check cashers who they knew would not ask for proof of the payees' identity; who would accept false, fictitious, and fraudulent forms of identification purported to belong to the payee; and who would either file CTRs with false information or not file CTRs at all.

9. Defendants **JB TAX, JACQUELINE J. ARIAS, a/k/a Jacqueline Estrada, a/k/a Jacqueline Arias Estrada, a/k/a Jackie, and JOSE BAYRON ESTRADA, a/k/a Jose Estrada, a/k/a Bayron,** would and did collect preparation fees from their coconspirators in the form of cash and cash-equivalent monetary instruments, which they knew to be derived from fraudulently obtained income tax refunds.

All in violation of Title 18, United States Code, Section 1956(h).

15

## NOTICE OF FRAUD FORFEITURE

1.      The allegations of Count 1 of this Indictment are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 1341, 1343 and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c).

2.      As a result of the offenses alleged in Count 1, defendants **JB TAX PROFESSIONAL SERVICES INC., JACQUELINE J. ARIAS, a/k/a Jacqueline Estrada, a/k/a Jacqueline Arias Estrada, a/k/a Jackie, JOSE BAYRON ESTRADA, a/k/a Jose Estrada, a/k/a Bayron, CARLOS LNU, OCTAVIO JOSUE PERDOMO, a/k/a Octavio Perdomo, ELBER MENDOZA-LOPEZ, a/k/a Elber Mendoza, CESAR LEJANDRO SORIANO, a/k/a Cesar Soriano, a/k/a Cesar Alejandro, ELIECER OBED RODRIGUEZ, a/k/a Oved, OLSEN SARAVIA-HERNANDEZ , a/k/a Olsen Adolfo Saravia Hernandez, a/k/a Olsen Saravia, ARNULFO SANTOS-MEDRADO, a/k/a Arnulfo Santos-Medrano, a/k/a Arnulfo Santos, YONI PERDOMO, a/k/a Yony Perdomo, a/k/a Johnny Perdomo, MILLER PERDOMO-ACEITUNO, a/k/a Miller Perdomo, a/k/a Miler Perdomo, AURELIO MONTIEL-MARTINEZ, a/k/a Maro, ELSIDES EDGARDO ALVARADO-CANALES, a/k/a Elsides Alvarado, SANTOS MARTIN HERNANDEZ, SUSAN LNU, a/k/a Susan Mendoza, a/k/a Susana, IBIS PERDOMO, a/k/a Ibis Grisel Perdomo, and JUSTINIANO PERDOMO, a/k/a Justo,** shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c), any and all property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Sections 1341 and 1343.

16

3.      If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third person;

        c.      has been placed beyond the jurisdiction of the Court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 1341, 1343 and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c).

## NOTICE OF MONEY LAUNDERING FORFEITURE

1.      The allegations of Count 8 of this Indictment are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982.

2.      As a result of the offenses, alleged in Count 8, defendants **JB TAX PROFESSIONAL SERVICES INC., JACQUELINE J. ARIAS, a/k/a Jacqueline Estrada, a/k/a Jacqueline Arias Estrada, a/k/a Jackie, JOSE BAYRON ESTRADA, a/k/a Jose Estrada, a/k/a Bayron, CARLOS LNU, OCTAVIO JOSUE PERDOMO, a/k/a Octavio Perdomo, ELBER MENDOZA-LOPEZ, a/k/a Elber Mendoza, CESAR LEJANDRO SORIANO, a/k/a Cesar Soriano, a/k/a Cesar Alejandro, ELIECER OBED RODRIGUEZ,**

a/k/a Oved, OLSEN SARAVIA-HERNANDEZ, a/k/a Olsen Adolfo Saravia Hernandez,

a/k/a Olsen Saravia, ARNULFO SANTOS-MEDRADO, a/k/a Arnulfo Santos-Medrano,

a/k/a Arnulfo Santos, YONI PERDOMO, a/k/a Yony Perdomo, a/k/a Johnny Perdomo,

MILLER PERDOMO-ACEITUNO, a/k/a Miller Perdomo, a/k/a Miler Perdomo,

AURELIO MONTIEL-MARTINEZ, a/k/a Maro, ELSIDES EDGARDO ALVARADO-

CANALES, a/k/a Elsides Alvarado, SANTOS MARTIN HERNANDEZ, SUSAN LNU,

a/k/a Susan Mendoza, a/k/a Susana, IBIS PERDOMO, a/k/a Ibis Grisel Perdomo, and

JUSTINIANO PERDOMO, a/k/a Justo, shall forfeit to the United States all property real or

personal, involved in the aforesaid offenses and all property traceable to such property which

was involved in the said violations of Title 18, United States Code, Sections 1956(h) and 982.

3.    If any of the property described above as being subject to forfeiture, as a result of

any act or omission of the defendants:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided
          without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1) to

seek forfeiture of any other property of said defendants up to the value of the above forfeitable

property.

All in violation of Title 18, United States Code, Section 982.

A TRUE BILL:

FOREPERSON

DANA BOENTE
UNITED STATES ATTORNEY

HAYDEN M. BROCKETT
Trial Attorney
Department of Justice, Tax Division

KEVIN LOMBARDI
Trial Attorney
Department of Justice, Tax Division

New Orleans, Louisiana
May 31, 2013

18

FORM OBD-34

No _____

# UNITED STATES DISTRICT COURT

__Eastern__ _District of_ __Louisiana__

__Criminal__ _____ _Division_

## THE UNITED STATES OF AMERICA

vs.

| JB Tax Professional Services Inc. | Jacqueline J. Arias | Jose Bayron Estrada | Carlos Lnu | Octavio Josue Perdomo | Elber Mendoza-Lopez |
| Cesar Alejandro Soriano | Eliecer Obed Rodriguez | Olsen Saravia-Hernandez | Arnulfo Santos-Medrado | Yoni Perdomo | Miller Perdomo-Aceituno |
| Aurelio Montiel-Martinez | Elsides Edgardo Alvarado-Canales | Santos Martin Hernandez | Susan Lnu | Ibis Perdomo | Justiniano Perdomo |

# INDICTMENT

FOR CONSPIRACY TO DEFRAUD THE UNITED STATES AND TO COMMIT MAIL AND WIRE FRAUD, AGGRAVATED IDENTITY THEFT, AND CONSPIRACY TO COMMIT MONEY LAUNDERING

VIOLATIONS:          18 USC § 371
                     18 USC § 1028A
                     18 USC § 1956(h)

_A true bill._

_____
Foreperson

Filed in open court this _ _ _ _ _ _ _ _ _ _ _ _ _ day, of May, 2013

_____
Clerk

Bail, $ _ _ _ _ _ _ _ _ _ _ _ _ _

_____
Hayden Brockett
Trial Attorney